**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2421-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GREGORY J. GIBBS,

     Defendant-Appellant.

_____

          Submitted March 16, 2020 – Decided April 20, 2020

          Before Judges Fasciale and Rothstadt.

          On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 13-07-1963.

          Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, and on the brief).

          Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (John J. Lafferty, IV, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, who was convicted of murder and sentenced to life in prison, appeals from a November 9, 2018 order denying his petition for post-conviction relief (PCR). Defendant maintains that his trial counsel was ineffective. The PCR judge rendered a comprehensive written decision denying the petition without an evidentiary hearing.

On appeal, defendant argues:

> POINT I
>
> THE PCR [JUDGE] ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. Trial counsel was ineffective for failing to conduct an adequate pre-trial investigation.
>
> B. Trial counsel was ineffective for failing to object to two issues regarding the jury.
>
> POINT II
>
> THIS MATTER SHOULD BE REMANDED FOR CONSIDERATION OF THE ARGUMENTS CONTAINED IN DEFENDANT'S PRO SE CERTIFICATION IN SUPPORT OF [PCR] (Not previously raised).

As to Point I, we conclude defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the judge in his well-reasoned decision. We add the following remarks as to Point I.

A defendant is entitled to an evidentiary hearing only when he "'has presented a prima facie [case] in support of [PCR],'" State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a defendant must demonstrate "a reasonable likelihood that his . . . claim will ultimately succeed on the merits," ibid. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to not only show how counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey, now known as the Strickland/Fritz test). Defendant failed to meet this standard warranting an evidentiary hearing.

As to Point II, however, we remand for the PCR judge to consider defendant's pro se certification. In his certification, defendant argued that his trial counsel failed to interview a witness and have that witness testify at trial, and that trial counsel did not move for a mistrial or dismissal. The State acknowledges the PCR judge did not address the merits of those contentions, agreeing a remand is warranted.

Affirmed in part and remanded in part. We leave the details of the remand to the judge. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2421-18T1